# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

JAMES RIVER INSURANCE     :
COMPANY,     :
     :
     Plaintiff,     :
     :     CIVIL ACTION FILE NO.:
vs.     :
     :     4:22-CV-00041-ELR
DALTON-WHITFIELD     :
REGIONAL SOLID WASTE     :
MANAGEMENT AUTHORITY,     :
and JARROD JOHNSON,     :
individually, and on behalf of a class     :
of persons similarly situated,     :
     :
     Defendants.     :

## DEFENDANT DALTON-WHITFIELD REGIONAL SOLID WASTE MANAGEMENT AUTHORITY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Defendant, DALTON-WHITFIELD REGIONAL SOLID WASTE MANAGEMENT AUTHORITY ("DWSWA"), by and through the undersigned counsel, and hereby files this Answer and Affirmative Defenses to the Complaint for Declaratory Judgment (hereinafter "Complaint") showing this Honorable Court as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against DWSWA upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to meet all conditions precedent necessary prior to filing the instant lawsuit.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

DWSWA reserves the right to assert any and all additional defenses that arise during the course of this litigation, and reserves the right to amend this Answer to assert such defenses.

## EIGHTH AFFIRMATIVE DEFENSE

DWSWA responds to the specifically enumerated paragraphs of the Complaint as follows:

1.

In response to Paragraph 1 of the Complaint, DWSWA admits that Plaintiff filed the instant action seeking a declaratory judgment action pursuant to Rule 57 of the FRCP and 28 U.S.C. § 2201. DWSWA denies there is a question of actual controversy and denies all remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

2.

DWSWA admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

DWSWA admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

DWSWA admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

DWSWA admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

DWSWA admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.

In response to Paragraph 7 of Plaintiff's Complaint, DWSWA admits that this Court has jurisdiction pursuant to 28 U.S.C. § 2201. DWSWA denies there is a question of actual controversy and denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.

DWSWA admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

DWSWA admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## BACKGROUND FACTS

10.

DWSWA incorporates and re-alleges its response contained in Paragraphs 1 through 9 of its Answer as expressly set forth herein.

## 11.

DWSWA admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## 12.

DWSWA denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, as phrased. The complaint attached as Exhibit "A" to the Complaint speaks for itself. In any event, DWSWA was not a Defendant named in the November 26, 2019 complaint.

## 13.

DWSWA denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, as phrased. The complaint attached as Exhibit "A" to the Complaint speaks for itself. In any event, DWSWA was not a Defendant named in the November 26, 2019 complaint.

## 14.

DWSWA denies the allegations contained in Paragraph 14 of Plaintiff's Complaint, as phrased. The complaint attached as Exhibit "A" to the Complaint speaks for itself.  In any event, DWSWA was not a Defendant named in the November 26, 2019 complaint.

15.

DWSWA admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

DWSWA admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

DWSWA admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

DWSWA denies the allegations contained in Paragraph 18 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

19.

DWSWA denies the allegations contained in Paragraph 19 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

20.

DWSWA denies the allegations contained in Paragraph 20 of Plaintiff's

Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

21.

DWSWA denies the allegations contained in Paragraph 21 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

22.

DWSWA denies the allegations contained in Paragraph 22 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

23.

DWSWA denies the allegations contained in Paragraph 23 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself. Of particular importance, and as stated in Paragraph 20 of the Complaint, the amended complaint alleges in the alternative that DWSWA's conduct was negligent.

24.

DWSWA denies the allegations contained in Paragraph 24 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the

Complaint speaks for itself. Of particular importance, and as stated in Paragraph 20 of the Complaint, the amended complaint alleges in the alternative that DWSWA's conduct was negligent.

25.

DWSWA denies the allegations contained in Paragraph 25 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself. Of particular importance, and as stated in Paragraph 20 of the Complaint, the amended complaint alleges in the alternative that DWSWA's conduct was negligent.

26.

DWSWA denies the allegations contained in Paragraph 26 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

27.

DWSWA denies the allegations contained in Paragraph 27 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

28.

DWSWA denies the allegations contained in Paragraph 28 of Plaintiff's

Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself. Count Three of the amended complaint also alleges negligence and that DWSWA "should have known" certain information.

29.

DWSWA denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

30.

DWSWA denies the allegations contained in Paragraph 30 of Plaintiff's Complaint, as phrased. The amended complaint attached as Exhibit "B" to the Complaint speaks for itself.

31.

In response to Paragraph 31 of Plaintiff's Complaint, DWSWA sent notice of the Underlying Lawsuit to its insurance agent McGriff Insurance Services to forward notice to James River on or about September 11, 2020. DWSWA is without knowledge or information sufficient to form a belief as to the truth of the date James River first received notice of the Underlying Lawsuit and therefore, DWSWA denies all remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

DWSWA denies the allegations contained in Paragraph 32 of Plaintiff's Complaint, as phrased.

33.

DWSWA admits the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.

DWSWA admits the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

DWSWA admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

DWSWA admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.

DWSWA admits the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.

In response to Paragraph 38 of Plaintiff's Complaint, DWSWA admits that Paragraph 29 of the third amended complaint, attached as Exhibit "D" to the Complaint, alleged that DWSWA "is an enterprise fund, with the capacity to sue and be sued, created by the City of Dalton and Whitfield County, Georgia in 1994 to manage the solid waste needs of Dalton – Whitfield County. The DWSWA operates, among other facilities, the Old Dixie Highway Landfill, and a Carpet Landfill, both of which are located at 4189 Old Dixie Highway SE in Dalton, Georgia, 30721. The DWSWA has for many years discharged landfill leachate containing PFAS, which is industrial wastewater, into the Dalton POTW, and in early 2013, the DWSWA installed a forced sewer main to send its landfill leachate directly to the Dalton POTW." In response to Paragraph 29 of the third amended complaint, DWSWA admitted that third amended complaint it is an enterprise fund created by the City of Dalton and Whitfield County, Georgia, and it admitted it operates certain facilities containing landfills in Whitfield County. DWSWA further admitted it installed a forced sewer main to send leachate directly to Dalton Utilities in 2013. Responding further, DWSWA denied the remaining allegations contained in Paragraph 29 of the third amended complaint. DWSWA incorporates by references its Answer to the third amended complaint attached

hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.

In response to Paragraph 39 of Plaintiff's Complaint, DWSWA admits that Paragraph 52 of the third amended complaint, attached as Exhibit "D" to the Complaint, alleged, in part, that "PFAS are a large group of man-made chemicals that do not occur naturally in the environment." In response to Paragraph 52 of the third amended complaint, DWSWA responded that it was "without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 52 of Plaintiff's Complaint and, therefore, cannot admit or deny same." DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.

In response to Paragraph 40 of Plaintiff's Complaint, DWSWA admits that Paragraph 53 of the third amended complaint, attached as Exhibit "D" to the Complaint, alleged that "The stable carbon-fluorine bonds that make PFAS such pervasive industrial and consumer products also result in their persistence in the environment. There is no known  environmental breakdown mechanism for these

chemicals, and they are readily absorbed into biota and tend to bioaccumulate with repeated exposure. PFAS leach from soil to groundwater, are highly mobile and water soluble, making groundwater and surface water particularly vulnerable to contamination, and a major source of human exposure to PFAS is through ingestion of contaminated drinking water." In response to Paragraph 53 of the third amended complaint, DWSWA responded that it was "without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 53 of Plaintiff's Complaint and, therefore, cannot admit or deny same." DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.

In response to Paragraph 41 of the third amended complaint, DWSWA admits that Paragraph 2 of the third amended complaint, attached as Exhibit "D" to the Complaint, alleged that the Underlying Lawsuit was a " class action on behalf of individual Plaintiff and Class Representative Jarrod Johnson and a class of people similarly situated under Fed. R. Civ. P. 23 and Georgia law who have been damaged and continue to be damaged due to the intentional, willful, wanton, reckless, and negligent discharge of PFAS from Defendants' manufacturing

processes and facilities into the Dalton POTW. By such wrongful acts and omissions, Defendants have created and maintained a continuing public nuisance causing harm and injury to the Plaintiff and the Members of the proposed Class." In response to Paragraph 2 of the third amended complaint, DWSWA denied the allegations contained in Paragraph 2 of the third amended complaint. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.

DWSWA denies the allegations contained in Paragraph 42 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA denied the referenced allegations of the third amended complaint.

43.

In response to Paragraph 43 of Plaintiff's Complaint, DWSWA admits that Paragraph 6 of the third amended complaint, attached as Exhibit "D to the Complaint, alleged that DWSWA committed "intentional, willful, wanton, reckless, and negligent acts and omissions, " and the third amended complaint sought recovery of damages for " Defendants' intentional, willful, wanton,

reckless, malicious, and oppressive misconduct" In response to Paragraph 6 of the third amended complaint, DWSWA responded that "Paragraph 6 of the complaint is a narrative setting forth legal conclusions to which no response is required. To the extent Paragraph 6 is interpreted to contain factual allegations requiring response, DWSWA denies those allegations." DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.

DWSWA denies the allegations contained in Paragraph 44 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A."

45.

DWSWA denies the allegations contained in Paragraph 45 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A."

46.

DWSWA denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. In response to Paragraph 67 of the third amended complaint, DWSWA responded as follows: DWSWA denies the allegations contained in paragraph 67 of Plaintiff's Complaint insofar as they are directed at DWSWA. Responding further, DWSWA is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 67 of Plaintiff's Complaint and, therefore, cannot admit or deny same." In response to Paragraph 79 of the third amended complaint, DWSWA denied the allegations contained in Paragraph 79 of the third amended complaint. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A." DWSWA denies all remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.

DWSWA admits the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.

DWSWA denies the allegations contained in Paragraph 48 of Plaintiff's

Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A."

49.

DWSWA denies the allegations contained in Paragraph 49 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA denied the allegations contained in Count Three of the third amended complaint. DWSWA incorporates by reference its Answer to the third amended complaint attached hereto as Exhibit "A."

50.

DWSWA denies the allegations contained in Paragraph 50 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself. DWSWA denied the allegations contained in Count Five of the third amended complaint. DWSWA incorporates by references its Answer to the third amended complaint attached hereto as Exhibit "A."

51.

DWSWA denies the allegations contained in Paragraph 51 of Plaintiff's Complaint, as phrased. The third amended complaint attached as Exhibit "D" to the Complaint speaks for itself.  DWSWA incorporates by references its Answer to

the third amended complaint attached hereto as Exhibit "A."

*The Policies*

52.

DWSWA admits the allegations contained in Paragraph 52 of the Complaint.[1]

53.

DWSWA admits the allegations contained in Paragraph 53 of the Complaint.

54.

DWSWA admits the allegations contained in Paragraph 54 of the Complaint.

55.

DWSWA admits the allegations contained in Paragraph 55 of the Complaint.

56.

DWSWA admits the allegations contained in Paragraph 56 of the Complaint.

57.

DWSWA admits the allegations contained in Paragraph 57 of the Complaint.

---

[1] Paragraphs 52-56 reference a "general commercial liability policy." To the extent it makes a difference, DWSWA denies James River issued a "general commercial liability insurance policy" instead of a "commercial general liability insurance policy."

58.

DWSWA admits the allegations contained in Paragraph 58 of the Complaint.

59.

DWSWA admits the allegations contained in Paragraph 59 of the Complaint.

60.

DWSWA admits the allegations contained in Paragraph 60 of the Complaint.

61.

DWSWA admits the allegations contained in Paragraph 61 of the Complaint.

62.

DWSWA admits the allegations contained in Paragraph 62 of the Complaint.

63.

DWSWA admits the allegations contained in Paragraph 63 of the Complaint.

64.

DWSWA admits the allegations contained in Paragraph 64 of the Complaint.

65.

DWSWA admits the allegations contained in Paragraph 65 of the Complaint.

66.

DWSWA admits the allegations contained in Paragraph 66 of the Complaint.

67.

DWSWA admits the allegations contained Paragraph 67 of Plaintiff's Complaint.

68.

DWSWA denies the allegations contained in Paragraph 68 of Plaintiff's Complaint as phrased. The Policies attached as Exhibits E-S to the Complaint speak for themselves. Those Exhibits do not contain a Commercial General Liability Coverage Form CG 00 01 04 13.

69.

DWSWA denies the allegations contained Paragraph 69 of Plaintiff's Complaint.

70.

DWSWA denies the allegations contained Paragraph 70 of Plaintiff's Complaint.

71.

In response to Paragraph 71 of Plaintiff's Complaint, DWSWA admits that the Insuring Agreements of the Policies attached as Exhibits E-S to the Complaint have essentially identical wording. DWSWA denies all remaining allegations contained Paragraph 71 of Plaintiff's Complaint as phrased.

72.

DWSWA denies the allegations contained Paragraph 72 of Plaintiff's Complaint.

73.

All other allegations contained in Plaintiff's Complaint, including Plaintiff's prayer for relief, not herein admitted or denied are hereby denied by DWSWA.

WHEREFORE, Defendant, DALTON-WHITFIELD REGIONAL SOLID WASTE MANAGEMENT AUTHORITY, prays that this Honorable Court enter judgment declaring:

a. the Policies afford insurance coverage to DWSWA in connection with the Underlying Action;

b. that Plaintiff James River Insurance Company has a duty and obligation under the Policy to provide DWSWA with a defense in connection with the Underlying Action;

c. that Plaintiff James River Insurance Company has an obligation to indemnify DWSWA in the event a judgment may be entered against DWSWA in connection with the Underlying Action; and

d. that the Court grant such other and further relief it deems just and proper.

Respectfully submitted this 5th day of April, 2022.

**SWIFT, CURRIE, McGHEE & HIERS, LLP**

**_/s/  Bradley S. Wolff_**
C. Bradford Marsh
Georgia Bar No. 471280
Bradley S. Wolff
Georgia Bar No. 773388
Kelly G. Chartash
Georgia Bar. No. 602721
The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
T: (404) 874-8800
brad.marsh@swiftcurrie.com
brad.wolff@swiftcurrie.com
kelly.chartash@swiftcurrie.com

**THARPE LAW FIRM, LLC**

**_/s/  Henry C. Tharpe, Jr._**
Henry C. Tharpe, Jr.
Georgia Bar No. 703250
P.O. Box 398
225 W. King Street
Dalton, Georgia 30722
(706) 278-5211
htharpe@daltongalaw.com

**_Attorneys for Defendant Dalton-Whitfield
Regional Solid Waste Management Authority_**

## ATTORNEY'S CERTIFICATION

I hereby certify that the foregoing pleading has been prepared with Times New Roman, 14-point font, one of the font and point selections approved by the Court in L.R. 5.1C.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/  Bradley S. Wolff*
C. Bradford Marsh
Georgia Bar No. 471280
Bradley S. Wolff
Georgia Bar No. 773388
Kelly G. Chartash
Georgia Bar. No. 602721
***Attorneys for Defendant Dalton-Whitfield Regional Solid Waste Management***

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
T: (404) 874-8800
brad.marsh@swiftcurrie.com
brad.wolff@swiftcurrie.com
kelly.chartash@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2022, I electronically filed **DEFENDANT DALTON-WHITFIELD REGIONAL SOLID WASTE MANAGEMENT AUTHORITY'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT** with the Clerk of Court via the CM/ECF System, which will send automatic notification to all counsel of record.

SWIFT, CURRIE, McGHEE & HIERS, LLP

*/s/ Bradley S. Wolff*
C. Bradford Marsh
Georgia Bar No. 471280
Bradley S. Wolff
Georgia Bar No. 773388
Kelly G. Chartash
Georgia Bar. No. 602721
*Attorneys for Defendant Dalton-Whitfield Regional Solid Waste Management*

The Peachtree, Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
T: (404) 874-8800
brad.marsh@swiftcurrie.com
brad.wolff@swiftcurrie.com
kelly.chartash@swiftcurrie.com

4873-1215-1830, v. 1